## C. C. Thomas, Defendant in Error, v. Joseph Rushoch, Plaintiff in Error.

### Gen. No. 14,607.

APPEALS AND ERRORS—*when finding of court set aside.* If it does not appear that the preponderance of the evidence was in favor of the plaintiff, the finding by the court in his favor will be set aside on review.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. MICHAEL F. GIRTEN, Judge, presiding. Heard in this court at the October term, 1908. Reversed and judgment here. Opinion filed October 25, 1909.

FRANK FOSTER, for plaintiff in error.

GRAHAM & ROWAN, for defendant in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an action of *assumpsit* brought by plaintiff—defendant in error here—to recover payments claimed to be due on an alleged contract, by the terms of which the plaintiff, a doctor, was to treat the defendant—plaintiff in error here—for a period of two years and the latter was to pay him $160 in monthly installments of $20 a month for eight months. Defendant paid the plaintiff $80. Under this alleged verbal contract the plaintiff sued to recover $30 alleged to be due plaintiff at the time the suit was brought, and obtained judgment accordingly, from which this writ of error is prosecuted.

The defendant denies the contract and contends that if such alleged contract had been made an action could not be maintained upon it to recover merely installments, since the contract if so made would be entire, and that such alleged contract by its terms was not to be performed within a year and is therefore obnoxious to the statute of frauds.

The evidence as to the contract is found in the tes-

timony of the respective parties. The plaintiff's version is that the defendant came to him to be treated for a venereal disease on June 28, 1907, and that plaintiff agreed to treat him for that particular disease for $40, which the defendant paid; that on August 1st the defendant showed evidence of syphilis and plaintiff told him he would need additional treatment extending over a period of two years, which would cost the defendant $160; that defendant agreed to pay this, $10 in August and $20 a month after that, until the sum was paid; that $80 had been paid upon this last agreement, when defendant ceased coming for treatment in December, 1907; that defendant was practically cured at that time so far as outward appearances go, only that it would be necessary for him to continue the treatment for the full period to get the disease out of his system; that $30 was due at the time the suit was brought and that defendant owed him altogether $80.

The defendant is a laboring man working for the Illinois Steel Company. He testifies that he paid the original $40 and was told by the plaintiff in August, 1907, that he had syphilis and would have to pay more money; that he paid $10 and on pay day September 1st following paid $10 more and then told plaintiff that it was too much to pay $10 every pay day; that plaintiff told him he would treat him two years for $160, to which defendant said "No, I might want to leave the city and then I would have to go to another doctor," to which plaintiff replied that "if I left the city he would send the medicine to me. I said maybe we will make a contract some time. I did not tell him I would pay him $160." It appears from testimony of plaintiff in rebuttal that when defendant ceased' coming for treatment on December 15, 1907, the plaintiff tried to look him up, but did not see him again "until I had his wages stopped by a garnishment demand. Then he came to me and denied that he made the contract."

The statement of facts contained in the abstract states that "the court held that there was a contract against the contention of the defendant, that the evidence did not preponderate in favor of the plaintiff and that no contract was proved," and "held that on the contract the plaintiff could recover the payments due at the time of beginning suit," and therefore rendered the judgment for $30.

It is evident that there is no preponderance of the evidence in plaintiff's favor as to the making of a contract such as is claimed. The defendant denies it and his testimony is in no way discredited. We are of opinion that the trial court erred in holding that the evidence preponderated in favor of the plaintiff that there was a contract.

The defendant had paid $80 for the treatment he had received and had a right so far as appears to discontinue the treatment whenever he should see fit. There is no evidence tending to show that the $80 paid was not the full value of the service rendered and the treatment received, and the plaintiff was not entitled so far as the evidence tends to show to demand more.

The judgment of the Municipal Court will be reversed and judgment with costs will be entered here in favor of the defendant.

*Reversed and judgment here.*